UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND BROWN,

    Plaintiff,

v.                                                                           Case No. 07-14955

BLAINE LAFLER, BARBARA MEAGHER,      HON. AVERN COHN
MICHAEL OLSON, SAMUEL TEED, ROSALIE
PERRY, MARIA ORTH, BETH DAVIS,[1] MARY
GRAHEK, REBEKAH SOMMERVILLE,[2]
and JOHN DOE 1-2,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND
## GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND
## DISMISSING THE JOHN DOE DEFENDANTS

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Raymond Brown, a state inmate proceeding pro se, sued several defendants claiming that they were deliberately indifferent to his serious medical needs. Specifically, plaintiff says that defendants failed to clear the ice from prison walkways causing him to fall and break his leg and for which he received inadequate medical care. He makes claims for failure to

---

[1] Beth Davis filed a separate motion to dismiss or for summary judgment which is pending before the magistrate judge.

[2] It is not clear whether Rebekah Sommerville has been served.

provide a safe environment and for violation of the Eighth Amendment due to deliberate indifference to his serious medical needs. The matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, defendants Blain Lafler, Barbara Meagher, Michael Olson, Samuel Teed, Rosalie Perry, Maria Orth, and Mary Grahek filed a motion for summary judgment on the grounds that Brown had failed to exhaust his administrative remedies.

On September 29, 2008, the magistrate judge, in a thorough going analysis of Brown's claims and the record, issued a report and recommendation (MJRR) recommending that the motion be granted in part and denied in part. The magistrate judge specifically recommending the following:

1. Brown's claim against Lafler, Meager and Olson for failure to provide a safe environment be dismissed without prejudice for failure to exhaust and also because it fails to present a cognizable federal claim.

2. The two John Does be dismissed <u>sua sponte</u> as they have not been identified and Brown's sole claim against them is for failure to provide a safe environment.

3. Brown's claim against Lafler, Meager, Olsen, Teed, Petty, Orth, Grahek, Davis and Sommerville for violation of the Eighth Amendment should not be dismissed for failure to exhaust.[3]

---

[3]The magistrate judge noted that she was not addressing whether this claim fails on the merits, as defendants had not moved for summary judgment on that ground.

Before the Court are defendants' and Brown's objections[4] to the MJRR.

II.

The portions of the MJRR that the parties find objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C).

As to defendant's objections, they first argue that Brown did not properly exhaust his administrative remedies on his Eighth Amendment claim because his grievance was denied at Step I as untimely. The magistrate judge noted that this was correct; however, she further noted that the grievance was rejected at Steps II and III because it was untimely and for lack of merit. Thus, the magistrate judge reasoned, the grievance should be considered exhausted "consistent with the goals of the exhaustion requirement." The Court agrees. Defendants' objection therefore fails.

Defendants also object to the magistrate judge's finding that because some of Brown's allegations of improper medical care arose after he filed the grievance and defendants have not provided any evidence as to exhaustion of these allegations, Brown's claim should be allowed to proceed. Defendants say that Brown bears the burden of coming forward with evidence showing exhaustion. That is incorrect. As the magistrate judge noted, defendants bear the burden on this affirmative defense. Defendants' objection fails.

As to Brown's objections, he says that his failure to provide a safe environment claim should be allowed to proceed on the merits. The Court disagrees. The

---

[4]Brown's objections are contained in a paper styled "Request to the Courts" in which he addresses matter pertaining to the pending motion by Davis as well as the MJRR.

3

magistrate judge explained that the claim has not been exhausted and even if it was, Brown's allegations fall short of stating a viable federal claim. Thus, this objection fails.

IV.

Accordingly, the findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Brown's claim against defendants for failure to provide a safe environment is DISMISSED. The John Doe defendants are DISMISSED. Brown's claim against defendants for violation of the Eighth Amendment continues.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2008

I hereby certify that a copy of the foregoing document was mailed to Raymond Brown 428924, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, November 13, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160