UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND BROWN,

        Plaintiff,                      CIVIL ACTION NO. 07-14955

       v.                                 DISTRICT JUDGE AVERN COHN

BLAINE LAFLER, MEAGER,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
OLSON, S. TEED, ROSALIE PETTY,
MARIA ORTH, BETH DAVIS, MARY
GRAHEK, REBEKAH SOMMERVILLE,
and JOHN DOE 1-2,[1]

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

      This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants failed to clear the ice from prison walkways, causing him to fall and break his leg, and thereafter failed to provide him with timely and appropriate medical care. The matter comes before the court on Defendant Beth Davis' Motion for Dismissal and/or Summary Judgment for Lack of Exhaustion

---

[1]On November 13, 2008, the Honorable Avern Cohn issued an order (D/E #43) adopting this Court's September 29, 2008 Report and Recommendation and dismissing plaintiff's claim relating to defendants' alleged failure to provide a safe environment. Judge Cohn also adopted this Court's recommendation that the two John Does be dismissed *sua sponte* as they had not been identified and Brown's sole claim against them was for failure to provide a safe environment.

-1-

(D/E #37). For the reasons discussed below, this Court recommends that defendant's motion be **DENIED** because plaintiff's Eighth Amendment claim against Davis for denial of medical care should not be dismissed for failure to exhaust.[2]

This Court also recommends that defendant Rebekah Sommerville be dismissed *sua sponte* because she has never been served with a summons and complaint in this matter and no good cause exists for excusing that lack of service.

## II. Background

Plaintiff was, at the times relevant to the facts underlying this action, an inmate at the St. Louis Correctional Facility (SLF) in St. Louis, MI. (Complaint, p. 2) According to his complaint, plaintiff is now an inmate at the Mid-Michigan Correctional Facility (STF) in St. Louis, Michigan. (Complaint, p. 2)

---

[2]In order for plaintiff to prevail on his Eighth Amendment claim regarding his medical treatment, plaintiff must show that prison officials were deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections. Id. at 105-06, 97 S.Ct. 285. Disagreements over medical judgment or treatment cannot form the basis of an Eighth Amendment claim. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990). Though plaintiff has clearly endured significant hardship, his allegations may not amount to deliberate indifference as the record demonstrates the amount of medical attention he received from the defendants. However, Davis does not seek summary judgment based on the merits in this motion.

**A. Procedural History**

On November 20, 2006, plaintiff filed a complaint against defendants in the United States District Court for the Eastern District of Michigan (D/E #2).[3] In that complaint, plaintiff alleges that defendants Lafler, Meager, Olson, the John Doe Physical Plant Supervisor and the John Doe Yard Crew Supervisor failed to provide plaintiff with a safe environment and that, as a result of those defendants' failure to clear the ice from prison walkways, plaintiff slipped on some ice during a controlled movement and broke his left leg.[4] Plaintiff also alleges that defendants Lafler, Meager, Olson, Teed, Petty, Orth, Davis, Grahek and Sommerville failed to provide plaintiff with timely and appropriate medical care after plaintiff's fall.

On March 10, 2008, defendants Lafler, Meager, Olson, Teed, Petty, Orth, and Grahek filed a motion for summary judgment (D/E #26). In that motion, defendants argued that they were entitled to summary judgment because plaintiff failed to properly exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act.

On April 14, 2008, plaintiff filed a response to that motion for summary judgment (D/E #30). In his response, plaintiff argued that he properly exhausted his administrative remedies with respect to his ongoing complaint regarding defendants' deliberate indifference to his medical care from November 25, 2005 to December 2006. Plaintiff also argued that the state had a chance to address his claims on their merits, but it refused to do so. Plaintiff further

---

[3] Plaintiff originally filed this action on October 31, 2007 in the United States District Court for the Western District of Michigan. On November 13, 2007, the case was transferred to this Court. (D/E #1)

[4] This does not on its face appear to state a claim under 42 U.S.C. § 1983.

argued that the MDOC failed to follow its own procedures during the procedures regarding the grievance plaintiff filed.

On September 29, 2008, this Court issued a Report and Recommendation stating:

> Plaintiff's claim that Lafler, Meager and Olson failed to provide plaintiff with a safe environment should be dismissed, first, without prejudice pursuant to 42 U.S.C. § 1997e(a) because plaintiff failed to exhaust administrative remedies as to that claim prior to filing this lawsuit, and secondly, because it fails to present a cognizable federal claim. Moreover, while the two John Does from the complaint have not yet been identified and are not part of any motion, the Court should dismiss them *sua sponte* because the sole claim against them is the unexhausted claim that they failed to provide plaintiff with a safe environment.
>
> Plaintiff's Eighth Amendment claim against defendants Lafler, Meager, Olson, Teed, Petty, Orth, Grahek, Davis and Sommerville, for denial of medical care should not be dismissed for failure to exhaust. [D/E #39]

On November 13, 2008, the Honorable Avern Cohn issued an order adopting this Court's Report and Recommendation, dismissing plaintiff's claim that defendants failed to provide plaintiff with a safe environment, dismissing the two John Does from the case, and allowing plaintiff's Eighth Amendment claim to proceed (D/E #43).

### **B. Defendant Davis' Motion for Summary Judgment**

On September 9, 2008, defendant Davis filed the motion for dismissal/summary judgment before the Court (D/E #26). In that motion, Davis cites to an earlier motion for summary judgment filed by other defendants and argues that she is entitled to summary judgment because plaintiff failed to properly exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act.

While plaintiff did not file a response to Davis' motion, on October 17, 2008, he filed a "Request to the Courts" in which he indicated that, among other things, he wanted his earlier response to defendants Lafler, Meagher, Olson, Teed, Petty Orth and Grahek's motion for summary judgment to also be his response to Davis' motion (D/E #42). As discussed above, plaintiff argued in his earlier response that he properly exhausted his administrative remedies with respect to his ongoing complaint regarding defendants' deliberate indifference to his medical care, that the state of Michigan had a chance to address his claims on their merits but refused to do so, and that the MDOC failed to follow its own procedures during the procedures regarding the grievance plaintiff filed.

### III. Discussion

#### A. Davis

Defendant Davis moves for dismissal or summary judgment on the basis of lack of exhaustion. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq*., "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines

and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

In her motion, Davis merely adopts the arguments other defendants made earlier:

> Defendant Davis adopts and incorporates the Motion for Summary Judgment and supporting Brief filed on behalf of their co-Defendants on March 10, 2008, and asks that the Court dismiss the Complaint based on Plaintiff's failure to exhaust administrative remedies and because pauper status was improvidently granted.
> [See D/E # 26].

However, as discussed above, in response to that earlier motion for summary judgment, the District Court adopted this Court's Report and Recommendation and ordered that plaintiff's Eighth Amendment claim against defendants for denial of medical care should not be dismissed for failure to exhaust. As the sole claim against Davis is for an alleged denial of medical care in violation of the Eighth Amendment, her motion for summary judgment should be denied for the same reasons that the earlier motion for summary judgment was denied.

**B. Sommerville**

On November 20, 2007, plaintiff filed the complaint against defendants in this matter (D/E #2). Following the filing of the complaint, the Honorable R. Steven Whalen issued an order directing service without prepayment of costs and authorizing the United States Marshal's Service to collect costs after service was made (D/E #6). All of the defendants, with the exception of defendant Rebekah Sommerville were subsequently served (D/E #8-#15, #17).

On March 26, 2008, this Court ordered that the MDOC provide, in camera, the last known address of defendant Sommerville (D/E #28). After the MDOC provided that address, this Court issued an order directing the United States Marshal's Service to serve Sommerville (D/E #32). The United States Marshal's Service acknowledged receipt of the service of process documents on April 24, 2008 (D/E #33), but Sommerville has not been served and another waiver of service has been returned unexecuted (D/E #41)

The Federal Rules of Civil Procedure Rule 4(c)(1) provides that a plaintiff is responsible for serving the summons and complaint within the applicable time period. Without such personal service, a district court is without jurisdiction to render judgment against a defendant. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991). The time limit for service of process is 120 days after the filing of the complaint. Fed.R.Civ.P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), citing Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994).

The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed.R.Civ.P. 4(c)(1). The appointed person is usually a commercial process server plaintiff has contracted with to effectuate service for a fee. "In the case of a plaintiff proceeding *in forma pauperis*, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server." Byrd, 94 F.3d at 219. For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff

is proceeding *in forma pauperis*. "Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process 'when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.'" Byrd, 94 F.3d at 219 (quoting Fed. R. Civ. P. 4(c)(2)). "Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." Byrd, 94 F.3d at 219. See also Olsen v. Mapes, 333 F.3d 1199, 1204-05 (10th Cir. 2003) (holding that *in forma pauperis* plaintiffs were not culpable for failure to timely serve where there was no evidence that they failed to cooperate with the Marshals Service); Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (holding that *in forma pauperis* plaintiff "should not be penalized for failure to effect service where it failed through no fault of his own."); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) ("a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.").

However, "although an incarcerated plaintiff proceeding *in forma pauperis* may rely on service by the U.S. Marshals, he 'may not remain silent and do nothing to effectuate such service.'" Abel v. Harp, 122 Fed. Appx. 248, 252, (6th Cir. 2005) (quoting Rochon, 828 F.2d at 1110). "At a minimum, he should 'request service upon the appropriate defendant and attempt to

remedy any apparent service defects of which a plaintiff has knowledge.'" Abel, 122 Fed. Appx. at 252 (quoting Rochon, 828 F.2d at 1110).

Defendant Sommerville has not been served and the deadline for timely service has long since passed. Moreover, no good cause is exists which would excuse lack of timely service. While plaintiff is proceeding *in forma pauperis* and should therefore be able to rely on the U.S. Marshals for service, plaintiff contributed to the initial failure to serve Sommerville and he sat idly by after that initial failure to serve. While all of the defendants besides Sommerville were served, the U.S. Marshal's Service was unable to serve Sommerville given the information provided by plaintiff. Plaintiff was presumably aware of that unexecuted waiver of service, but he did nothing to help remedy the situation. This Court then took the extra step of ordering the MDOC to provide the last known address of Sommerville. The MDOC did provide the last known address of Sommerville, but the U.S. Marshal's Service was still unable to effectuate service. Moreover, while the second waiver of service for Sommerville was returned unexecuted on October 15, 2008, plaintiff has remained idle. Given plaintiff's inaction and the steps taken by this Court and the U.S. Marshal's Service, no good cause exists to excuse the lack of timely service and defendant Sommerville should be dismissed from this action.

**IV. Conclusion**

For the reasons discussed above, the court recommends that defendant's motion be **DENIED** and that plaintiff's Eighth Amendment claim against Davis for denial of medical care be allowed to proceed. This Court also recommends that defendant Rebekah Sommerville be

dismissed *sua sponte* because she has never been served with a summons and complaint in this matter and no good cause exists for excusing that lack of service.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                 s/Virginia M. Morgan
                                 Virginia M. Morgan
                                 United States Magistrate Judge

Dated: December 5, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 5, 2008.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan