UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND BROWN,

    Plaintiff,

v.                                       Case No. 07-14955

BLAINE LAFLER, et al.,             HONORABLE AVERN COHN

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT
## AND
## DISMISSING CASE

I.

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Michigan Department of Corrections at Ryan Correctional Facility (RCF), claims that Defendants violated his Eighth Amendment right by failing to provide him with timely and adequate medical care following a slip and fall accident on prison grounds. The matter has been referred to a magistrate judge for all pretrial proceedings. Defendants filed a motion for summary judgment. On June 12, 2009, a magistrate judge issued a Report and Recommendation (MJRR) recommending that summary judgment be granted in favor of Defendants. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motion for summary judgment will be granted, and the case will be dismissed.

II.

Given the length of time from issuance of the MJRR, a brief recitation of the procedural history is in order. After the MJRR issued, plaintiff timely filed objections to the MJRR. In his objections, Plaintiff stated, among other things, that he has been granted parole and will be released from prison on September 9, 2009. Plaintiff also requested a continuance so that he can hire an attorney to properly present his case to the Court.

On August 3, 2009, the Court granted Plaintiff's request for a continuance and stayed proceedings "until the earlier of November 1, 2009, or the date on which an attorney enters an appearance on Plaintiff's behalf. Plaintiff shall have 20 days from such date to file renewed objections to the R&R." See Order Staying Proceedings, filed August 3, 2009 at p. 2.

Plaintiff took no action until October 28, 2009 when he filed a paper requesting an extension of time to obtain legal counsel. Plaintiff said that the parole board rescinded his release date and delayed his release. He also said he expected to be moved to a re-entry facility in early November and would advise the Court of his new address once moved. Plaintiff gave no indication that he made efforts to obtain counsel. Instead, he sought an unspecified amount of time to seek an attorney.

Accordingly, the Court on January 15, 2010 entered an Order Lifting Stay and gave Plaintiff twenty (20) days to supplement his objections to the MJRR.

On January 21, 2010, Plaintiff filed a paper styled "Notice to Present Status of Parole Release Date" in which he said he still does not have a release date and again requested an unspecified amount of time after release to obtain counsel and that his

2

time (presumably for filing objections) be "tolled" during that period. The Court construed the paper as a motion for reconsideration and denied the motion. The Court stated in part that "[u]nder the circumstances as expressed in this and the Court's January 21, 2010 order, there is no good reason to further delay consideration of the MJRR." See Order Denying Reconsideration, filed January 26, 2010 at p. 2.

Accordingly, on February 5, 2010, plaintiff filed a paper styled "Plaintiff's 'Renewed Supplemental' Objections to Magistrate Judge's Report and Recommendation."

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a

3

district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge inasmuch as plaintiff contends there are issues for trial. The magistrate judge carefully reviewed the record and concluded there was no genuine issue of material fact as to whether plaintiff received appropriate medical care following his fall. The magistrate judge also found that as to some of the defendants, plaintiff failed to establish personal involvement. The Court agrees with these conclusions. Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.


Dated: February 10, 2010     s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Raymond Brown, 428924, Ryan Correctional Facility, 17600 Ryan Road, Detroit, MI 48212 and the attorneys of record on this date, February 10, 2010, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160